IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH ANN HIRSCH, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>    Defendant. ) | Case No. CIV-14-1289-STE |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further administrative development.

I.     **PROCEDURAL BACKGROUND**

Plaintiff's applications were denied initially and on reconsideration. Plaintiff appeared *pro se* for an administrative hearing. (TR. 508-34). Following the hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 19-30). The

Appeals Council denied Plaintiff's request for review. (TR. 11-13). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 18, 2010, the alleged disability onset date. (TR. 21). At step two, the ALJ determined that Plaintiff had severe impairments of disorders of the lumbar spine, discogenic and degenerative, with pain and radiculopathy; and obesity. (TR. 21). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 24-25).

At step four, the ALJ found that Plaintiff could not perform her past relevant work. (TR. 28). The ALJ further found Plaintiff had the residual functional capacity (RFC) to:

> [P]erform "sedentary work" . . . except that claimant can only: occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ropes, ladders, or scaffolds; must avoid all exposure to workplace hazards, such as dangerous moving machinery and unprotected heights; must avoid concentrated exposure to vibration; and can sit for about 30 minutes at any one time, before standing briefly at the workstation for less than 5 minutes.

(TR. 25-26).

At step five, the ALJ considered Ms. Hirsch's limitation to sedentary work, her age, and education, and whether Plaintiff had obtained skills from her past relevant

work that would be transferable to other jobs. (TR. 29). The ALJ employed the assistance of a vocational expert (VE) to aid in the inquiry. The VE consulted the Dictionary of Occupational Titles (DOT), identified skills from Plaintiff's past relevant work, and testified that those skills would be transferable to three other jobs existing in significant numbers in the national economy which could perform. The ALJ adopted the VE's testimony and concluded that Ms. Hirsch was not disabled. (TR. 29-30).

### III. ISSUES PRESENTED

On appeal, Plaintiff alleges a lack of substantial evidence to support the ALJ's step five finding. The Court agrees and remand is warranted.

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

### V. LACK OF SUBSTANTIAL EVIDENCE AT STEP FIVE

The ALJ's step five finding is deficient due to a lack of evidence that Plaintiff had actually obtained the transferable skills identified by the VE.

### A. ALJ's Duty at Step Five

At step five of the sequential evaluation, the ALJ must determine whether a claimant can perform other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). The burden of proof is on the ALJ, not the claimant, to develop the vocational evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993). If the claimant is "closely approaching advanced age" (ages 50-54), with only a high school education, and is limited to sedentary work, the ALJ "must . . . find that the claimant acquired skills in her past relevant work that are transferable to other skilled or semi-skilled jobs." *Dikeman v. Halter*, 245 F.3d at 1184. "Transferability" of skills means applying work skills which a person has demonstrated in past relevant work to meet the requirements of other jobs. Social Security Ruling 82-41, Titles II and XVI: Work Skills and Their Transferability as Intended by the Expanded Vocational Factors Regulations Effective February 26, 1979, 1982 WL 31389, Westlaw op. at 2 (1982) (SSR 82-41).

The claimant is the best source of information regarding skills performed in the past relevant work, but a VE may also testify. *Id.*, 1982 WL 31389, Westlaw op. at 4. However, neither a job title alone, nor a skeleton description of a job is sufficient to adequately describe the claimant's past relevant work. *Id.* Adjudication of transferable skills is the ALJ's duty, but he may also rely on evidence from a VE. *Id.*

## B. Evidence Concerning Plaintiff's Past Relevant Work and Related Skills

Only two of Plaintiff's past jobs are relevant to the appeal--nurse's aide (DOT 355.674-014) and home health aide (DOT 354.377-014). (TR. 527-28). In support of her written applications for benefits, Plaintiff described her duties in these positions. (TR. 217, 219, 220, 231, 234, 235). According to Ms. Hirsch, she was required to: do laundry, clean, and cook; help patients bathe, shower, eat, walk, and get into their wheelchairs; and hand out medications. *Id.* As part of a form she completed, Plaintiff checked a "yes" box when asked if the jobs required: (1) use of machines, tools, equipment,[1] technical knowledge or skills, or (2) completion of reports. (TR. 217, 219, 220, 231, 234, 235). No explanation accompanied the checked boxes.

At the hearing, the ALJ asked Ms. Hirsch about her past relevant work in 2005 and 2007. Regarding the first position, Plaintiff stated, "I was a CNA." (TR. 515). When asked about the second job, Ms. Hirsch testified, "I was a CNA, but it was, I did, I helped the residents with their personal care. I did cooking. I cleaned, I baked. Things like, of that nature." (TR. 515). This was the extent of Plaintiff's testimony regarding her duties in her past work. She was not represented by counsel to inquire further.

The VE consulted the DOT and described the jobs of nurse's aide and home health aide as semi-skilled and requiring "medium" exertional abilities. (TR. 527-28). When asked whether Ms. Hirsch had obtained skills in the past jobs which would transfer to other jobs, the VE identified patient care, charting, basic record keeping,

---

[1] Ms. Hirsch checked "no" as to "Use machines, tools or equipment?" with regard to Job Title No. 1 (Home Health Aid) (TR. 217) and checked both "yes" and "no" in response to the same question for Job Title No. 3 (CNA) (TR. 219).

taking vitals, and scheduling. (TR. 528-29). The VE further testified that these skills would transfer to the semi-skilled jobs of order control clerk, DOT 245.367-026, dietary clerk, DOT 245.587-010, and admit clerk, DOT 205.362-018. (TR. 530).

### C. The ALJ's Reliance on the VE's Testimony

The ALJ relied on the VE's testimony and concluded that Ms. Hirsch was not disabled because she could perform other work which employed the transferable skills. (TR. 29-30). But there is insufficient evidence to prove that Ms. Hirsch could actually perform the skills identified by the VE. This deficiency is fatal to the ALJ's subsequent reliance on the VE's testimony.

A lack of correlation exists between the VE's testimony regarding Plaintiff's transferable skills and Ms. Hirsch's testimony regarding what skills she had actually obtained from the past work. According to Plaintiff, she obtained jobs skills involving patient care, housekeeping, cooking, and handing out medications. (TR. 217, 219, 220, 231, 234, 235, 515). But the VE testified that Plaintiff had obtained skills involving patient care, charting, basic record keeping, taking vitals, and scheduling. (TR. 528-29).

The Court assumes that the VE had consulted the DOT for the information because: (1) the VE had cited the DOT regarding the skill and exertional levels of the past work and (2) the skills identified by the VE correlate with skills listed in the DOT job listings. *Compare* TR. 527-28 *to* DOT 355.674-014 (nurse assistant) & DOT 354.377-014 (home attendant). Even though the VE properly consulted the DOT, the dictionary alone cannot provide substantial evidence regarding a claimant's transferable skills. *See Dikeman v. Halter*, 245 F.3d at 1185 ("[n]either an occupational title . . . nor

a skeleton description [of a job] is sufficient to document the claimant's acquisition of skills.") (internal quotation marks omitted). As stated, the *claimant* is in the best position to provide information regarding how the past jobs were performed. SSR 82-41, 1982 WL 31389, Westlaw op. at 4.

Ms. Hirsch argues that the Social Security's Program Operation Manual System (POMS) identifies "nurse's aide" as a "common job[ ] with skills that do not generally transfer to other work." POMS 25015.3017(E)(4). The Commissioner argues against any rebuttable presumption that skills from a nurse's aide job would not be transferable. (ECF No. 28:8). SSR 82-41 provides a more detailed explanation, stating that "patient care" skills obtained from a nurse's aide job are not considered "transferable":

> A nurse aide ordinarily performs other tasks which do not provide a special advantage over unskilled workers, such as dusting and cleaning rooms, changing bed linens, bathing, dressing, and undressing patients. The only duties which would suggest transferable skills are those related to "nurse" rather than "aide"—taking and recording rates of temperature, pulse and respiration, and recording food and liquid intake and output.

SSR 82-41, 1982 WL 31389, Westlaw op. at 3.

In the instant case, "patient care" is the only category of skills that Ms. Hirsch identified as having obtained in her past jobs which correlated with the VE's description of Plaintiff's transferable skills. *Compare* TR. 217, 219, 220, 231, 234, 235, 515 *to* TR. 528. But even if those skills were considered transferable, none of the jobs the ALJ relies on require these types of skills. *See* DOT 245.367-026 (order control clerk), DOT 245.587-010 (dietary clerk), and DOT 205.362-018 DOT (admit clerk). Instead, these jobs appear to require the other skills identified by the VE involving charting, basic

record keeping, taking vitals, and scheduling. *See id*. There is no evidence that Ms. Hirsch is capable of these tasks.

According to the Commissioner, evidence exists that proves Plaintiff had obtained these skills in her previous work. In support, Ms. Colvin cites the forms Plaintiff completed as part of her written application for benefits. In the forms, Plaintiff checked the "yes" box when asked if her past jobs required: (1) use of machines, tools, equipment, technical knowledge or skills, or (2) completion of reports. (TR. 217, 219, 220, 231, 234, 235). But the form did not contain any further explanation regarding what types of machines or equipment Ms. Hirsch might have used, or what type of reports she might have completed. (TR. 217, 219, 220, 231, 234, 235). As a result, the Court concludes that that the "check-box" forms are not sufficiently detailed to constitute evidence regarding transferable skills. *See Ogle v. Barnhart*, 123 Fed. Appx. 361, 363 (10th Cir. 2005) ("skeleton description[s] of [plaintiff's] past jobs are insufficient to document [her] acquisition of skills.") (citation and internal quotation marks omitted); *Rice v. Colvin*, 2013 WL 1286186, Westlaw op. at 4 (10th Cir. Mar. 26, 2013) (unpublished op). (noting that checking "yes" on the form which inquired about use of equipment or preparing reports was "clearly insufficient to document [plaintiff's] acquisition of skills.") (citation and internal quotation marks omitted).

Plaintiff never stated that she obtained skills in her past jobs which involved charting, basic record keeping, taking vitals, or scheduling, and the ALJ did not reconcile the apparent conflict. Whether Ms. Hirsch could actually perform these duties is the decisive issue at step five, as the jobs on which the ALJ relies require these skills,

and not the "patient care" type skills that Ms. Hirsch stated she could perform. As a result, remand is appropriate for further development of the issue. *Stubblefield v. Chater*, 105 F.3d 670, 1997 WL 4279, Westlaw op at 4 (10th Cir. 1997) (remanding for development of whether VE had accurately characterized plaintiff's transferable skills from past work).

## ORDER

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **REVERSES** the Commissioner's decision and **REMANDS** the matter for further administrative development.

**ENTERED** on February 9, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE