IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ELIZABETH ANN HIRSCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1289-STE |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), seeking an award in the amount of $9,611.10. (ECF No. 41). The Commissioner has responded, but declines to assert a position on the reasonableness of the fee request. (ECF No. 42). Upon consideration of the Motion in light of *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002), and for the reasons set forth below, the Motion, construed as a motion pursuant to Fed.R.Civ.P. 60(b)(6),[1] is **GRANTED**.

## I.     PROCEDURAL BACKGROUND

Ms. Hirsch retained the law firm of Troutman & Troutman, P.C. to seek judicial review in federal district court of the denial of disability benefits and supplemental security income by the Social Security Administration (SSA). (ECF No. 41-1). The contract between Ms. Hirsch and the Troutman firm provided for payment of an attorney fee contingent upon Ms. Hirsch prevailing before the federal court and ultimately being awarded benefits

---

[1] *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) (stating "Substantial justice will be served by allowing counsel to seek § 406(b)(1) fees under the authority of Rule 60(b)(6).").

by the SSA. (ECF No. 41-4). Under the contract, Ms. Hirsch agreed to an attorney fee in the amount of twenty-five percent of any past-due benefits awarded. *See* ECF No. 41-1.

Plaintiff prevailed in federal court. In an Order and Judgment dated February 9, 2016, the Court reversed the decision of the SSA and remanded the case to the Commissioner for further proceedings. (ECF Nos. 32 & 33). On remand, Plaintiff was awarded past-due benefits totaling $45,576.00. (ECF No. 41-2). The Court also awarded to Plaintiff, as the prevailing party, an attorney fee in the amount of $4,217.10 pursuant to the Equal Access to Justice Act (EAJA). *See* ECF No. 37. Citing 42 U.S.C. §406(b), Plaintiff now requests a fee award in the amount of $9,611.10. (ECF No. 41).

## II.  FEES FOR REPRESENTATION

Congress has prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims. *See* 42 U.S.C. § 406. Section 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart,* 535 U.S. 789, 794 (2002). Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon

2

amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. at 789. For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.* If attorney fees are also awarded the EAJA, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575 (10th Cir. 1986).

### III. AWARD OF FEES

The Troutman firm has requested fees in the amount of $9,611.10, and has attached a detailed billing summary reflecting 10.7 hours of paralegal work and 16.8 hours of attorney work performed in 2014, 2015, and 2016. (ECF Nos. 41 & 41-4). This amount reflects less than 25% of the total awarded past-due benefits, which would equal $11,394.00, and is, therefore, in line with both the contractual agreement and § 406(b). Based on the parties' submissions, the Court finds this amount to be reasonable.[2]

Plaintiff has already been awarded $4,217.10 in EAJA fees and the requested § 406(b) fee award in the amount of $9,611.10 is below the statutory and contractual obligation owed by Ms. Hirsch. *See* ECF No. 37 & 41-1. Plaintiff proposes that the $9,611.10, if awarded, be deducted from the past-due benefits amount, paid directly to Steve A. Troutman, and any remaining fee owed (to total the 25% contractual obligation) be paid by Ms. Hirsch from her EAJA payment. (ECF No. 41:10-11). As stated, if fees are awarded under both the EAJA and §406(b), Plaintiff's counsel is to refund the smaller

---

[2] The Commissioner argues that §406(b) provides only for the payment of "attorney" fees, and not for fees assessed based on the work of a paralegal. (ECF No. 42:2). Even so, the Commissioner does not dispute the total fee request as unreasonable, and this Court has repeatedly awarded fees under § 406(b) for paralegal work. *See Burton v. Berryhill*, Case No. CIV-15-1039-CG, ECF No. 33 (W.D. Okla. Sept. 21, 2018); *Julian v. Colvin*, Case No. CIV-12-1275-D, ECF No. 29 (W.D. Okla. July 9, 2015).

amount to Plaintiff. *See supra*, *Weakley.* Although unconventional, the Commissioner agrees that Plaintiff's proposed method of payment would effectuate the same result and is more expedient, without having to issue a refund to Ms. Hirsch. (ECF No. 42:2-3).

Accordingly, the Plaintiff's Motion for Attorney Fee is **GRANTED** to the following extent. Plaintiff's attorney, Steve A. Troutman, is awarded attorney's fees in the amount of $9,611.10, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. 406(b)(1)(A). The SSA shall pay this amount directly to: Steve A. Troutman of Troutman & Troutman, P.C., 1350 South Boulder, Suite 410, Tulsa, Oklahoma, 74119. Mr. Troutman may collect the remainder of the 25% contractual obligation owed from Ms. Hirsch pursuant to her previous award of EAJA benefits, with Ms. Hirsch retaining the remainder of the EAJA benefit.

ORDERED on October 19, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE